# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAREKA BROOKS,<br><br>                    Plaintiff,<br><br>v.<br><br>GATEWAY PLASTICS INC.,<br><br>                    Defendant. | Case No. 20-CV-1318-JPS<br><br>**ORDER** |

        On August 27, 2020, Plaintiff filed this class and collective action alleging violations of the Fair Labor Standards Act ("FLSA") and Wisconsin's Wage Payment and Collection Laws ("WWPCL"). ECF No. 1. On July 1, 2022, the parties informed the Court that they reached a settlement. ECF No. 16. The parties subsequently submitted a joint motion for preliminary approval of settlement of the class and collective action. ECF No. 19. In connection with this settlement, the parties filed a stipulation for certification of the class and collective certification pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") and Section 216(b) of the FLSA (together, the "Settlement Class"). ECF No. 18. The Court has reviewed the stipulation for Rule 23 class and Section 216(b) collective certification and will adopt it for the purposes of considering the class and collective settlement.

        Prior to settlement, the Court must approve the parties' settlement agreement. *See* Fed. R. Civ. P. 23(e). The Court's task is to determine whether the settlement is "fair, adequate, reasonable, and not a product of collusion." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279 (7th Cir. 2002). At this stage, all facts weigh in favor of finding a fair settlement in this case.

After engaging in discovery and months of settlement negotiations, the parties have reached a settlement that addresses the issues raised in the complaint and constitutes a resolution of a *bona fide* dispute as to liability. ECF No. 19 at 6–9.

The settlement provides for a total monetary payment of $50,756.31,[1] which includes attorneys' fees and costs. *Id.* at 1. The settlement amount was calculated to encompass various costs including payments to participating class and collective members, a court-approved plaintiff service payment in the amount of $5,000.00, and attorneys' fees and costs. *Id.* at 8–12. At this time, no one has objected to the Settlement Agreement. Thus, the Court finds no barrier to preliminary approval of the parties' settlement.

The Court will therefore grant the joint motion for preliminary approval of the class and collective settlement, ECF No. 19, and will incorporate the parties' proposed items of relief below, to manage the settlement process and ultimately conclude this litigation.

Accordingly,

**IT IS ORDERED** that the parties' stipulation to certify a class action pursuant to Federal Rule of Civil Procedure 23 and a collective action pursuant to Section 216(b) of the FLSA, ECF No. 18, be and the same is hereby **ADOPTED**;

---

[1] There is a one-penny difference between the total amount provided in the parties' joint motion for preliminary approval of the class and collective settlement, and the settlement payments provided for in the underlying settlement agreement, item 3.1(B). *See* ECF No. 19-1 at 8–9. The difference appears to stem from miscalculation of the amounts identified for distribution to each of two the subclasses of the Rule 23 class (also identified as WWPCL Class Members): $7,639.56 + $4,137.19 = $11,776.75, not $11,776.74. The total amount provided in the joint motion is correct and the Court therefore adopts it.

**IT IS FURTHER ORDERED** that the Rule 23 class defined in the stipulation is certified, for settlement purposes, pursuant to Rule 23(c)(1). The Court finds that this class meets the requirements of Rule 23(a) and (b)(3). The Rule 23 Class is defined as follows:

> All current and former hourly-paid, non-exempt employees employed by Defendant, Gateway Plastics, Inc., between August 27, 2018 and August 27, 2020 in the State of Wisconsin, who received non-discretionary compensation in the form of a GAIN Bonus or Patriotic Bonus in addition to their straight time rate of pay in workweeks in which he or she worked in excess of forty (40) hours as identified in Exhibit A to the Parties' Settlement Agreement.

**IT IS FURTHER ORDERED** that the Section 216(b) Collective defined in the stipulation is certified, for settlement purposes, and defined as follows:

> All current and former hourly-paid, non-exempt employees employed by Defendant, Gateway Plastics, Inc., between August 27, 2018 and August 27, 2020 in the State of Wisconsin, and who filed an Opt-In Consent Form as ECF Nos. 1-3 and 15-1, specifically Dareka Brooks, Kao Xiong, Gary Kempf, Christopher Schneider, Andrew Tetzlaff, Timothy Kuechler, Raymond Hernandez, and Edward Schmidt.

Together, the Rule 23 Class and Section 216(b) Collective are referred to as the Settlement Class;

**IT IS FURTHER ORDERED** that Plaintiff Dareka Brooks shall serve as Class Representative of the Settlement Class;

**IT IS FURTHER ORDERED** that Walcheske & Luzi, LLC is hereby appointed as Class Counsel of the Settlement Class;

**IT IS FURTHER ORDERED** that the parties' joint motion for preliminary approval of class and collective action settlement, ECF No. 19, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Court:

1. Preliminarily approves the parties' Settlement Agreement (titled "Settlement Agreement & Release"), which is attached to the parties' joint motion for preliminary approval, ECF No. 19-1 at 1–21, as a fair, reasonable, and adequate resolution of a *bona fide* dispute under the FLSA and WWPCL;

2. Approves the parties' "Notice of Class Action and Proposed Settlement" (hereinafter "the Notice Packet") in a form that is substantially similar to that which is attached to the Agreement, ECF No. 19-1 at 22–26, for distribution to all members of the Settlement Class;

3. Approves that the provision of the Notice Packet by mail to all members of Settlement Class who can be identified with reasonable effort constitutes valid, due, and sufficient notice to Settlement Class members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

4. Authorizes Settlement Class Counsel to mail the Notice Packet to the Settlement Class members via first-class mail within **fourteen (14) days** of the date of this Order;

5. Orders that individuals who wish to opt-out of the Settlement Class shall have **thirty (30) days** after the mailing of the Notice Packet to opt-out per the instructions set forth in the Notice Packet;

6. Orders that any Rule 23 Class member who does not properly and timely request exclusion from the Settlement Class, and any 216(b) Collective member who has chosen to participate in the 216(b) Collective, shall be bound by any final order by the Court approving the Settlement Agreement;

7. Orders that any Settlement Class member who wishes to object in any way to the proposed Settlement Agreement or to Settlement Class Counsel's motion for approval of attorneys' fees and costs must file and serve such written objection(s) per the instructions set forth in the Notice Packet, together with copies of all papers in support of his or her position, no later than **fourteen (14) days** prior to the Fairness Hearing;

8. Orders that, pursuant to Federal Rule of Civil Procedure 23(h), Settlement Class Counsel's motion for approval of attorneys' fees and costs, with any supplemental brief in support of same, be filed at least **twenty-one (21) days** prior to the Fairness Hearing;

9. Orders that a joint motion for final approval of the Settlement Agreement, with any supplemental brief in support of same, be filed at least **seven (7) days** prior to the Fairness Hearing; and

10. Schedules a Fairness Hearing for **Tuesday, December 20, 2022 at 9:00 a.m.** in Courtroom 425, 517 E. Wisconsin Ave., Milwaukee, WI 53202. The following matters shall be addressed at the Fairness Hearing: (1) the fairness and reasonableness of the Settlement Agreement; (2) the joint motion for final approval of the Settlement Agreement; (3) Settlement Class Counsel's motion for approval of attorneys' fees and costs; and (4) the service award for Plaintiff and Class Representative Dareka Brooks.

Dated at Milwaukee, Wisconsin, this 6th day of October, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge