UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DAREKA BROOKS
on behalf of herself and all
others similarly situated,

       Plaintiff,

v.

GATEWAY PLASTICS, INC.

       Defendant

Case No. 20-cv-1318

## JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

Plaintiff, Dareka Brooks, on behalf of herself and all others similarly situated, and Defendant, Gateway Plastics, Inc., jointly move this Court for final approval of the settlement in this matter in accordance with the parties' fully executed "Settlement Agreement and Release." (ECF No. 19-1, "Agreement.")

Accordingly, the parties request that the Court:

1. Certify the WWPCL Class pursuant to Fed. R. Civ. P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approve the Agreement as a fair, reasonable, and adequate resolution of a *bona-fide* wage dispute under the FLSA and the WWPCL;

3. Appoint Dareka Brooks as Class Representative for the WWPCL Class and FLSA Collective;

4. Appoint Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declare the Agreement to be binding on the parties; and

6. Dismiss with prejudice the WWPCL Class and FLSA Collective members' released claims.

1

## SETTLEMENT BACKGROUND, NOTICE, AND PARTICIPATION

On September 12, 2022, the parties filed their Joint Motion for Preliminary Approval of Class Action Settlement and Class Certification for the Purposes of Settlement, (ECF No. 19), and their fully executed Agreement. (ECF No. 19-1.)

For settlement purposes only, the parties sought certification of a collective under the FLSA, 29 U.S.C. § 216(b), defined as follows (hereinafter the "FLSA Collective"):

> All current and former hourly-paid, non-exempt employees employed by Defendant, Gateway Plastics, Inc., between August 27, 2018 and August 27, 2020 in the State of Wisconsin, and who filed an Opt-In Consent Form as ECF Nos. 1-3 and 15-1, specifically Dareka Brooks, Kao Xiong, Gary Kempf, Christopher Schneider, Andrew Tetzlaff, Timothy Kuechler, Raymond Hernandez, and Edward Schmidt.

("Collective Members") (*See* ECF No. 19-1 §§ 1.2, 1.25.)

For settlement purposes only, the parties also sought certification of a class under WWPCL, WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, WIS. STAT. § 103.001 *et seq.*, WIS. ADMIN. CODE § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.* and Rule 23, defined as follows (hereinafter, the "WWPCL Class"):

> All current and former hourly-paid, non-exempt employees employed by Defendant, Gateway Plastics, Inc., between August 27, 2018 and August 27, 2020 in the State of Wisconsin, who received non-discretionary compensation in the form of a GAIN Bonus or Patriotic Bonus in addition to their straight time rate of pay in workweeks in which he or she worked in excess of forty (40) hours as identified in Exhibit A to the parties' Settlement Agreement.

("Class Members") (*See* ECF No. 19-1 §§ 1.1, 1.25.)

On October 6, 2022, this Court preliminarily approved the parties' settlement. (ECF No. 20.) Among other things, the Court:

(1) Preliminarily approved the Settlement Agreement as a fair, reasonable, and adequate resolution of a *bona-fide* wage dispute under the FLSA and the WWPCL;

(2) Appointed, for settlement purposes only, Plaintiff's Counsel, Walcheske & Luzi, LLC, as Class Counsel for the FLSA Collective and WWPCL Class;

(3) Appointed, for settlement purposes only, Dareka Brooks as the Class Representative for the FLSA Collective and WWPCL Class;

(4) Approved the parties' "Notice of Class Action and Proposed Settlement" sent to members of the Settlement Class in a form that was substantially similar to that which is attached to the Settlement Agreement as an exhibit;

(5) Approved the distribution method of the "Notice of Class Action and Proposed Settlement" sent to members of the Settlement Class as the best notice practicable under the circumstances, consistent with due process, and as valid and sufficient notice in accordance with applicable law;

(6) Ordered that members of the WWPCL Class have thirty (30) calendar days after the date of the mailing of the "Notice of Class Action and Proposed Settlement" to opt-out of the WWPCL Class;

The Court has scheduled a Fairness Hearing for Thursday, December 20, 2022 at 9:00 a.m. (ECF No. 20.)

On October 26, 2022, Plaintiff's counsel sent the "Notice of Class Action and Proposed Settlement" via U.S. Mail to members of the Settlement Class. (Declaration of David M. Potteiger ("Potteiger Decl."), ¶ 31.) WWPCL Class members had thirty (30) calendar days after October 26, 2022 – or until November 25, 2022 – to opt-out of the WWPCL Class (hereinafter simply, the "WWPCL Notice Period"). (*Id.*) By the end of the WWPCL Notice Period, no individuals chose to opt-out of the WWPCL Class. (*Id.*)

In total, there are one hundred and seventy-two (172) individuals who are WWPCL Class Members, including Plaintiff. (*Id.*) There are a total of eight (8) individuals who opted-in to the FLSA collective, including Plaintiff. (*Id.*) To date, counsel for the parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id.* at ¶ 39.)

3

# REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION

Upon final approval of the parties' settlement by this Court, Defendant's counsel will provide Plaintiff's counsel with settlement checks for the Settlement Class within thirty (30) calendar days of the Court's Order entry. (ECF No. 19-1 § 2.3.) Once Plaintiff's counsel receives the settlement checks from Defendant's counsel, Plaintiff's counsel will send the settlement checks to the Settlement Class via U.S. Mail as soon as practicable. (Potteiger Decl., ¶ 35.) Members of the Settlement Class will have one hundred and twenty (120) days to cash their individual settlement checks (otherwise the individual settlement checks and amounts will revert to and be retained by Defendant). (ECF No. 19-1 §§ 1.25, 2.4, and 3.1(D).)

# DISCUSSION

## I. FINAL SETTLEMENT APPROVAL STANDARD

Resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Employees can bargain, waive, or modify their rights under the FLSA if the court approves of the parties' settlement as a fair and reasonable resolution of a *bona fide* dispute over alleged violations of the FLSA, and the Court enters the settlement as a stipulated judgment. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Similarly, the Court may approve the settlement of a FED. R. CIV. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. FED. R. CIV. P. 23(e).

In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life*

*Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves a *bona fide* dispute over whether Defendant violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability, class and collective certification, and damages. The ultimate resolution of this matter was reached with arm's length settlement negotiations between counsel for the parties. (Potteiger Decl., ¶¶ 18-28.) During this time, counsel for the parties communicated and engaged in substantive discussions and debates with each other regarding legal authority relevant to Plaintiff's cause(s) of action and Defendant's defenses, discussed the monetary and non-monetary terms and conditions of settlement such as timelines, processes, and procedures of settlement. (*Id.*) Those negotiations have resulted in the parties' finalized and fully-executed Agreement. (ECF No. 19-1.)

Throughout the litigation of the case, the parties thoroughly investigated and analyzed both the merits of Plaintiff's claims against the Defendant under the FLSA and the WWPCL and Defendant's potential exposure. (Potteiger Decl., ¶¶ 18-28.) While Plaintiff maintains a strong belief in her position on liability, class and collective treatment, and damages, she also recognizes

the potential issues on which she would be required to prevail if the case proceeded to trial, including: establishing that Defendant had a uniform policy in practice which violated the FLSA or WWPCL; establishing that the WWPCL Class and the FLSA Collective are, in fact, similarly situated to Plaintiff for purposes of final certification; establishing that Defendant did not act in good faith; and establishing that Defendant willfully violated the FLSA for a three (3) year statute of limitations to apply. (*Id.* at ¶ 28.) Failure to succeed on any of these issues would likely result in material adverse effects on Plaintiff's claims, if not bar recovery in total. (*Id.*)

Considering the number of issues faced, Plaintiff recognized that the prospect of expeditious resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including the substantial and almost immediate prospect of additional and continued discovery, depositions, document review and production, and the filing of certification, de-certification, and dispositive motions. (*Id.*)

Further, the time and investment in continued litigation would be substantial. The parties were preparing to embark on significant further discovery immediately before settlement including depositions and potential engagement of expert witnesses that would have required substantial financial investment from the parties and their counsel before dispositive motions and trial. Even if Plaintiff were to prevail at trial, there is still the prospect that Defendant would appeal any number of the issues mentioned and only further delay any recovery for Plaintiff and the Settlement Class. (*Id.*)

Ultimately, Plaintiff's counsel believes that this is an excellent result for Plaintiff and the Settlement Class. The monetary value for each individual member of the Settlement Class was determined by first calculating each Settlement Class members' "GAIN" Bonus payments within the two (2) year period prior to the filing of the *Complaint*. (*Id.* at ¶ 24.) The parties then made

reasonable assumptions regarding the amount of overtime worked each workweek by members of the Settlement Class based upon a review of Defendant's actual timekeeping records. (*Id*.) The unpaid overtime amount for each employee was then approximated assuming that the GAIN Bonus was, in fact, non-discretionary via a methodology approved by the United States Department of Labor. Settlement Class members who participate in the Settlement will receive one hundred percent (100%) of all unpaid overtime wages with respect to GAIN Bonus payments. (*Id*.)

Next, Plaintiff calculated each Settlement Class members' "Patriotic" Bonus payments within the two (2) year period prior to the filing of the Complaint. (*Id*. at ¶ 25.) The parties again made reasonable assumptions regarding the amount of overtime worked each workweek by members of the Settlement Class based upon a review of Defendant's actual timekeeping records. (*Id.*) The unpaid overtime amount of each employee was then approximated assuming that the Patriotic Bonus was, in fact, non-discretionary via a methodology approved by the United States Department of Labor. (*Id.*) Settlement Class members who participate in the Settlement will receive total compensation for all unpaid overtime wages with respect to "Patriotic" Bonus payments. (*Id.*) Members of the Rule 23 Class who participate in the Settlement will receive seventy-five percent (75%) of all unpaid overtime wages with respect to the "Patriotic" Bonus payments. (*Id.*) Those members of the Rule 23 Class who are also members of the FLSA Collective will receive one hundred percent (100%) of all unpaid overtime wages with respect to the "Patriotic" Bonus payments. (*Id.*)

Last, those members of the FLSA Collective who were required to don and doff uniforms at Defendant's facility within a two (2) year statutory period, were compensated with a representative amount the parties deemed reasonable for time spent donning and doffing said uniforms. (*Id*. at ¶ 26.)

The parties agree that these amounts constitute a reasonable and adequate recovery of a *bona fide* wage dispute, based upon the parties' evaluation of Defendant's payroll and time records and the risks of continued litigation. (*Id*. at ¶ 27.) Beyond this, the Agreement is structured to maximize payment to participating members of the Settlement Class by automatically issuing payments for individuals who do not exclude themselves from the Rule 23 Class because these payments are made without any requirement to file a claim. (*Id*.)

To date, counsel for the parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id*. at ¶ 39.)

### III. PLAINTIFF'S SERVICE AWARD PAYMENT AND PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND COSTS

In anticipation of the Fairness Hearing in this matter and in support of these awards and payments, Plaintiff's counsel has filed a Motion for Approval of Plaintiff's Service Award. (ECF No. 22) and Petition for Approval of Attorneys' Fees and Costs, (ECF No. 23) contemporaneously herewith, and Defendant has agreed not to oppose these motions and further agrees that the amounts requested are fair and reasonable. (ECF No. 19-1 §§ 3.2(A) and 3.3(A).)

### CONCLUSION

For all of the reasons above, the parties respectfully request that this Court:

1. Certify the WWPCL Class pursuant to Fed. R. Civ. P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approve the Agreement as a fair, reasonable, and adequate resolution of a *bona fide* wage dispute as it applies to the WWPCL Class and FLSA Collective;

3. Appoint Dareka Brooks as Class Representative for the WWPCL Class and FLSA Collective;

4. Appoint Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declare the Agreement to be binding on the parties;

6. Dismiss with prejudice the WWPCL Class and FLSA Collective members' released claims;

7. Approve the settlement payments to the Settlement Class;

8. Instruct Defendant's counsel to provide Plaintiff's counsel with settlement checks for the Settlement Class within thirty (30) calendar days of the entry of Judgment;

9. Instruct Plaintiff's counsel to send the settlement checks to the Settlement Class via U.S. Mail following receipt of the settlement checks from Defendant's counsel;

10. Instruct that the Settlement Class has one hundred and twenty (120) days to cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendant;

11. Grant Plaintiff's unopposed request for approval of her attorneys' fees and case-related costs and expenses in the amount of $32,500.00, which the parties have stipulated and agreed are reasonable; and

12. Grant Plaintiff's unopposed request for approval her service award in the amount of $5,000.00, which the parties have stipulated and agreed is reasonable.

Dated this 29th day of November, 2022

| | |
|---|---|
| ***s/ David M. Potteiger*** | ***s/ Keith E. Kopplin*** |
| James A. Walcheske, SBN 1065635 | Keith E. Kopplin, SBN 1044861 |
| Scott S. Luzi, SBN 1067405 | Suzanne M. Watson, SBN 1079803 |
| David M. Potteiger, SBN 1067009 | |
| | |
| WALCHESKE & LUZI, LLC | OGLETREE, DEAKINS, NASH, |
| 235 N. Executive Drive, Suite 240 | SMOAK & STEWART, P.C. |
| Brookfield, Wisconsin 53005 | 1243 North 10th Street, Suite 200 |
| | Milwaukee, Wisconsin 53205 |
| | |
| Telephone: (262) 780-1953 | Telephone: (414) 239-6406 |
| | |
| Email: jwalcheske@walcheskeluzi.com | Email: keith.kopplin@ogletree.com |
| Email: sluzi@walcheskeluzi.com | Email: Suzanne.watson@ogletree.com |
| Email: dpotteiger@walcheskeluzi.com | |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |