# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAREKA BROOKS, *on behalf of herself and all others similarly situated*,

          Plaintiff,

v.

GATEWAY PLASTICS INC.,

          Defendant.

Case No. 20-CV-1318-JPS

**ORDER**

On December 20, 2022, the Court held a fairness hearing at which it adopted the parties' settlement in total. ECF No. 28. At that hearing, the Court further indicated it was prepared to grant Plaintiff's unopposed motions for approval of the service award and for attorney's fees. *Id.*

Upon further comparison of the preliminary and final settlement approval submissions, ECF Nos. 18, 19, 21, with the consent-to-join forms, ECF No. 15, the Court realized that the Section 216(b) Collective did not include the names of all individuals who had filed forms opting in to the collective. *See also* ECF No. 19-2 at 2 (parties' proposed order on preliminary settlement approval, missing the names of four individuals who filed consent-to-join forms as shown at ECF No. 15). The Court corrects the omission in this Order and the judgment to follow.

Accordingly,

**IT IS ORDERED** that the joint motion for final settlement approval, ECF No. 21, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the parties' Settlement Agreement, ECF No. 19-1, be and the same is hereby **APPROVED** as a fair, reasonable,

and adequate resolution of a bona-fide dispute under the Fair Labor Standards Act ("FLSA") and the Wisconsin Wage Payment and Collection Laws ("WWPCL");

**IT IS FURTHER ORDERED** that, consistent with the parties' stipulation and the Court's prior Order, ECF No. 20, the Rule 23 class defined in the stipulation be and the same is hereby **CERTIFIED**, pursuant to Rule 23(c)(1), for purposes of final disposition. The parties have designated this class as the "WWPCL Class." The Rule 23 Class is defined as follows:

> All current and former hourly-paid, non-exempt employees employed by Defendant, Gateway Plastics, Inc., between August 27, 2018 and August 27, 2020 in the State of Wisconsin, who received non-discretionary compensation in the form of a GAIN Bonus or Patriotic Bonus in addition to their straight time rate of pay in workweeks in which he or she worked in excess of forty (40) hours as identified in Exhibit A to the Parties' Settlement Agreement;

**IT IS FURTHER ORDERED** that, consistent with the parties' stipulation and the Court's prior Order, ECF No. 20, and as further corrected by the Court, the Section 216(b) Collective be and the same is hereby **CERTIFIED** for purposes of final disposition. The parties have designated this collective as the "FLSA Collective." The Section 216(b) Collective is defined as follows:

> All current and former hourly-paid, non-exempt employees employed by Defendant, Gateway Plastics, Inc., between August 27, 2018 and August 27, 2020 in the State of Wisconsin, and who filed an Opt-In Consent Form as ECF Nos. 1-3 and 15-1, specifically Dareka Brooks, Kao Xiong, Gary Kempf, Christopher Schneider, Andrew Tetzlaff, Timothy Kuechler, Raymond Hernandez, Edward Schmidt, Gerald Clark, Nicole

Cooper, Javier Gutierrez, Brandy Jackson, and Starley Rembert;

Together, the Rule 23 Class/WWPCL Class and Section 216(b) Collective/FLSA Collective are referred to as the "Settlement Class";

**IT IS FURTHER ORDERED** that the parties' Settlement Agreement is fair, reasonable, and adequate as it applies to the Settlement Class;

**IT IS FURTHER ORDERED** that Dareka Brooks be and the same is hereby appointed as Class Representative for the Settlement Class;

**IT IS FURTHER ORDERED** that Walcheske & Luzi, LLC be and the same is hereby appointed as Class Counsel of the Settlement Class;

**IT IS FURTHER ORDERED** that the Settlement Agreement is binding on the parties;

**IT IS FURTHER ORDERED** that the Settlement Class Members' released claims be and the same are hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that the issuance of settlement payments to the Settlement Class be and the same is hereby **APPROVED**;

**IT IS FURTHER ORDERED** that:

1. Counsel for Defendant shall provide counsel for Plaintiff with settlement checks for the Settlement Class within **thirty (30) days** of entry of judgment in this case;

2. Upon receipt of the settlement checks from counsel for Defendant, Counsel for Plaintiff shall send the settlement checks to the Settlement Class via U.S. Mail;

3. Upon each Settlement Class Member's receipt of his or her individual settlement check, he or she shall have **one hundred and twenty (120) days** to cash his or her individual settlement check;

4. If a Settlement Class Member does not cash his or her individual settlement check within **one hundred and twenty (120) days** of receiving it, the check and amount will revert to and be retained by Defendant;

**IT IS FURTHER ORDERED** that Plaintiff's motion for approval of service award, ECF No. 22, in the amount of $5,000.00, which the parties have stipulated and agreed is reasonable, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for approval of attorneys' fees and costs, ECF No. 23, in the amount of $32,500.00, which the parties have stipulated and agreed is reasonable, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this matter be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of December, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge